Elizabeth POWELL, et al., Plaintiffs,

v.

Benjamin WARD, et al., Defendants.

No. 74 Civ. 4628(CES).

United States District Court,
S. D. New York.

May 27, 1982.

Linda R. Singer, Special Master, Goldfarb, Singer & Austern, Washington, D. C., Elizabeth L. Koob, Bronx Legal Services Corp. C, New York City, for plaintiffs.

Susan Yarborough, Asst. Atty. Gen., State of New York, Dept. of Law, New York City, for defendants.

---

1. We have previously entered in this case an Order of April 29, 1980; a Memorandum Decision of February 27, 1980, as modified on appeal, *see Powell v. Ward*, 487 F.Supp. 917 (S.D.

## MEMORANDUM DECISION

STEWART, District Judge:

On April 29, 1980 we appointed Linda R. Singer, Esq., Special Master in this case to oversee defendants' compliance with our orders concerning prison disciplinary proceedings at Bedford Hills Correctional Facility. The Special Master has now submitted her Second and Third Reports to the court, dated February 5, 1982 and April 7, 1982, respectively, with amendments dated April 28, 1982. The Second Report evaluates the defendants' compliance with previous orders entered in this case [1] for the period beginning March 1, 1981 and ending June 30, 1981. The Third Report examines the handling of 61 Superintendent's Proceedings that arose out of two separate incidents (the so-called "barricade incident" and "sit-in") that occurred at Bedford Hills on November 16, 1981. We have received from the plaintiffs a set of responses and objections to both reports. The defendants submitted a letter of general comment as to the Second Report, but filed no papers in response to the Third. We approve both reports from the Special Master, and as is discussed more fully below, we so order her recommendations concerning (1) the assessment of damages for due process violations reported in the two reports and (2) the continuation of her monitoring activities.

*Authorization to Assess Damages*

Through monitoring activities performed during the period of the Second Report, the Special Master found that 37 hearings at Bedford Hills had been conducted in violation of the court's orders. *See* Second Report, Amended Appendix R. In her evaluation of the 61 Superintendent's Proceedings that arose out of the November 16 incidents, the Special Master found all 61 defective. Third Report at 31. The defendants have not contested any of the facts upon which the Special Master concluded these hearings improper. Indeed, the defendants have voluntarily reversed all

N.Y.1980), *aff'd as modified*, 643 F.2d 924 (2d Cir. 1981); and a Stipulation and Order signed March 3, 1981.

98 hearings, and expunged all related records. In many cases, this reversal and expungement by the defendants would seem sufficient to remedy all injuries suffered by those subjected to faulty hearings. *See Powell v. Ward*, 487 F.Supp. at 936. There may be cases, however, in which such actions by the defendants are not sufficient. While damages are not to be presumed in "every departure from procedural due process", *Carey v. Piphus*, 435 U.S. 247, 263, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978), if actual injury is established, an award of damages may not be withheld. *Powell v. Ward*, 643 F.2d at 934. We note that compensatory damages have been awarded for illegal confinement to a segregation cell, which resulted in the loss of vocational training, normal exercise, and shop wages, and which caused the inmate severe mental suffering and anguish. *See Taylor v. Clement*, 433 F.Supp. 585, 589 (S.D.N.Y.1977); *see also United States ex rel. Neal v. Wolfe*, 346 F.Supp. 569, 576 (E.D.Pa.1972). Since the defendants have conceded that 98 hearings conducted at Bedford Hills were in violation of the inmates' due process rights, we believe it is appropriate to allow those inmates the opportunity to prove any actual injury suffered. Given the large number of inmates involved, however, the administrative burdens associated with assessing damages in this case may be formidable. Accordingly, we adopt the recommendation of the Special Master that she be authorized to hear, report and recommend on the issue of damages arising from the improper hearings listed in Amended Appendix R of the Second Report, and the 61 hearings evaluated in the Third Report. We note that Special Masters are commonly used to aid the court in computing damages in large or complex cases. *See Foster v. City of Detroit, Michigan*, 254 F.Supp. 655, 669 (E.D. Mich.1966), *aff'd*, 405 F.2d 138 (6th Cir. 1968); *Trans World Airlines, Inc. v. Hughes*, 308 F.Supp. 679, 682 (S.D.N.Y. 1969). *See also* Note, "Mastering" Intervention in Prisons, 88 Yale L.J. 1062, 1068 n.37 (1979). To expedite the Special Mas-

ter's processing of claims arising from these hearings, we set out procedures to be followed by the parties in the Order attached to this Memorandum Decision.

### 2. Continued Monitoring

While the Second Report of the Special Master initially recommended six months of continued monitoring at Bedford Hills, the Third Report, noting the personnel changes that had occurred at the Facility in the interim,[2] recommends that monitoring be continued for one year. *See* Third Report at 33. In response to the Special Master's initial recommendation of six months, the defendants stated that they "do[ ] not object to a continued monitoring period by the Special Master with the express purpose of monitoring the self-correcting mechanism". Letter to Linda R. Singer from Ramon J. Rodriguez, March 16, 1982, at 2. The plaintiffs, in response to both Reports, request that monitoring be continued for two years. Plaintiffs' Response and Objections to the Second Report of the Special Master at 7; Plaintiffs' Response and Objections to the Third Report of the Special Master at 5. We approve the recommendation of the Special Master that monitoring be continued for one year. We assume that with proper attention to the problem areas identified by the Special Master, the new management at Bedford Hills will be able to achieve systematic compliance with our Orders within a year's time. If this expectation is not realized one year from now, additional monitoring is a possibility. For the present, however, we presume that compliance can and will be achieved.

### 3. Other Matters Requested by the Plaintiffs

In their Responses and Objections to the Second and Third Reports, the plaintiffs also request (a) that the defendants be fined for their continued noncompliance, and (b) that the Special Master be authoriz-

---

2. On April 2, 1982, the Department of Corrections replaced the former Superintendent of Bedford Hills and three Deputy Superintendents.

ed to recommend the removal of certain personnel from the institution. We deny both requests. While the defendants' have failed to achieve the systematic compliance required by our Memorandum Decision of February 27, 1980, *see Powell v. Ward*, 487 F.Supp. at 935, progress has been made at the Facility. The defendants' replacement of the executive team in charge of Bedford Hills, moreover, indicates a commitment on the part of the Department of Correctional Services to achieving full compliance in this area. We thus conclude that both a fine and authority over personnel decisions are unwarranted at this time.

SO ORDERED.

## ORDER

For the reasons explained in the Memorandum Decision issued this day, it is hereby:

1. ORDERED that the Special Master be authorized to hear, report and recommend to the court as to any damages arising out of the defective hearings identified in the Amended Appendix R of her Second Report to the Court and in her Third Report to the court. This assessment of damages shall be carried out in the following manner:

(a) Any inmate or former inmate who contends that she suffered actual, compensable injury as a result of a defective hearing identified in the aforementioned Reports by the Special Master shall submit to the Special Master, with a copy to defendants' counsel, an affidavit made on personal knowledge which describes in specific terms the nature and extent of the damage incurred. These affidavits shall be submitted within 60 days of the date of this Order.

(b) The defendants may submit a counter-affidavit, made on personal knowledge, contesting or supplementing the facts related in the inmate's affidavit, or request the Special Master hold hearings on the claim. Counter-affidavits shall be submitted within 30 days of receipt of the inmate's affidavit; hearings shall be requested within 14 days of the receipt of such affidavits.

(c) The Special Master shall promptly schedule any hearing requested by defendants and may, in her discretion, order a hearing as to any claim.

(d) The Special Master shall report back to court within 45 days of the receipt of the last counter-affidavit submitted by the defendants or the last hearing, whichever is later, with her findings and recommendation as to damages. The parties shall have two weeks to respond or object to any matter contained in said report.

2. ORDERED that the Special Master continue monitoring the defendants' efforts to comply with this court's orders for a period of one year from the date of this Order. During the first six months, the Special Master shall work with the new administrators at Bedford Hills to assist them in their compliance efforts. The Special Master shall submit a compliance report to the court at the end of this six month period that identifies problems remaining at the Facility. During the second six months, the Special Master's monitoring efforts will be limited to those areas in which the defendants continue to demonstrate problems, as well as the defendants' efforts to develop an effective internal monitoring system. By proceeding in this fashion, the Special Master can ensure that the defendants are meeting the obligations imposed by the court, without spending time on areas in which the defendants have come into compliance.

In addition, having received no opposition to the Special Master's application for a modification of rates of compensation dated April 6, 1982, it is hereby:

3. ORDERED that the rates set by this court on June 17, 1980 be modified to reflect the current hourly rates for the Special Master and her assistants, viz.:

| | |
|---|---|
| Linda R. Singer, Esq. | $125.00/hour |
| Ronald A. Schechter, Esq. | 95.00/hour |
| Frances J. Michael | 30.00/hour |

SO ORDERED.